TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2686
    Facsimile: (213) 894-0142
    E-mail: James.Dochterman@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$614,350.00 IN U.S. CURRENCY,<br><br>    Defendant. | Case No. 2:21-CV-04940<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>21 U.S.C. § 881(a)(6)<br><br>[DEA] |

Plaintiff United States of America brings this claim against the defendant $614,350.00 in U.S. currency, and alleges as follows:

1

## JURISDICTION AND VENUE

1. This is an *in rem* forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant is $614,350.00 in U.S. Currency (the "defendant currency") seized by law enforcement officers on or about August 20, 2020 in this district, following a warranted search of a vehicle driven by and registered to Willy Stadele ("STADELE").

6. The defendant currency is in the custody of the United States Marshals Service, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Willy Stadele may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

8. On August 20, 2020, Torrance Police Department ("TPD") Detective Schmitz observed a white Mercedes-Benz G550 ("Mercedes"), California license plate 8RGF033, being driven aggressively as it entered the transition ramp for the U.S. 101 northbound. Detective Schmitz watched as the Mercedes drove on the right shoulder of the transition road to pass slower moving traffic while driving at approximately 75 mph, in violation of California vehicle codes. Detective Schmitz followed the Mercedes and called for assistance.

9. California Highway Patrol ("CHP") Officer Santelices responded, spotted the Mercedes, and followed it as the driver exited the U.S. 101 at Sunset Boulevard, failing to stop at a posted stop sign. Officer Santelices continued to follow the speeding

Mercedes, ultimately initiating an enforcement stop on North Bronson Avenue. The driver of the Mercedes, who was alone in the vehicle, was identified as STADELE. STADELE appeared combative and very nervous, with his hands shaking visibly.

10. During Officer Santelices' running of a records check on STADELE, CHP Officer Cheever arrived on scene with his sophisticated narcotic-detection canine "Nero," to assist in the investigation. Officer Santelices discovered that STADELE was driving on an expired Florida driver's license[1] and did not possess a valid California driver's license,[2] although the vehicle was registered to STADELE at a residential address in Los Angeles.[3]

11. Knowing that STADELE was prohibited from driving legally in California, Officer Santelices asked STADELE to exit the vehicle. STADELE initially refused to comply with that lawful order and attempted to use his phone, contrary to the officer's orders. Only after Officer Santelices called for Officer Cheever and explained to STADELE that they would forcefully remove him from the Mercedes did STADELE finally comply.

12. STADELE exited the vehicle, placed a Louis Vuitton fanny pack in the vehicle according to CHP Officer Santelices' instructions, and then remotely locked the car doors on his own accord. Officer Santelices noticed that STADELE fidgeted nervously, alternating between standing and sitting, while occasionally rubbing his face with his hands – behaviors that Officer Santelices knew were associated with drivers engaged in illegal activities such as drug trafficking. When Officer Santelices asked

---

[1] STADELE's Florida license expired on July 21, 2020, a month before the traffic stop.

[2] STADELE's California driver's license was suspended following a DUI conviction from a May 2, 2018, arrest by the Los Angeles Police Department (Hollywood Division) for DUI and theft. STADELE was convicted of reckless driving and sentenced to three (3) days imprisonment, 36 months' probation, and restitution (discussed *infra*).

[3] Pursuant to Local Rule 5.2-1, only the city and state of personal residences are set forth in this Complaint.

STADELE why he was acting so nervous, STADELE stated that he was scared and questioned whether the police officers where in fact members of law enforcement. STADELE had no response when Officer Santelices pointed out the obvious service-vehicle markings and service uniforms both officers wore.

13. Based on STADELE's extremely nervous demeanor and his reckless driving, Officer Santelices believed that STADELE was likely engaged in criminal activity and asked STADELE whether he had anything illegal inside his vehicle, including narcotics, firearms, or large sums of U.S. currency. STADELE denied having anything illegal in his vehicle, and did not consent to a vehicle search. STADELE further claimed that he was a student and had been driving from downtown Los Angeles, where he purported to have purchased jewelry for his girlfriend at the jewelry store "Greg Grillz."[4]

14. Officer Cheever deployed Nero to examine the exterior of the Mercedes, and Nero alerted to the driver's side door and rear trunk area. When Officer Santelices again asked STADELE whether he had anything illegal in the Mercedes, STADELE falsely responded "I don't have any drugs or guns or large sums of currency . . . that dog didn't alert to anything."

15. Because STADELE did not possess a valid driver's license, Officer Santelices impounded the vehicle. STADELE refused to unlock the Mercedes or provide the vehicle key so that the officers could retrieve the fanny pack locked inside, or to the tow truck driver to put the vehicle's transmission in "neutral" for the tow. STADELE was released.

16. Officer Santelices told TPD Detective Schmitz about the positive narcotics canine alert and followed the towed Mercedes to the CHP Investigative Services Unit Office located at 437 North Vermont Avenue in Los Angeles. There, Officer Santelices

---

[4] Description available at https://grillz.com/.

met with Detective Schmitz and Drug Enforcement Administration ("DEA") Task Force Officer ("TFO") Jesus Gutierrez.

17. Later that same day, TFO Gutierrez obtained a California State search warrant signed by the Honorable Margaret Miller-Bernal of the Los Angeles County Superior Court to search the Mercedes and turn over any seized property to the DEA.

18. Pursuant to the state search warrant, officers enlisted the assistance of a Mercedes-Benz mechanic to open the vehicle. Inside, the officers found and seized the following bulk quantities of rubber-banded bundles of U.S. currency hidden in several places (including behind the driver's seat and in the trunk area where the drug-detection canine alerted), in a manner typical of drug-money couriers:

    a. In the glove box was a single rubber-banded bundle of U.S. currency (a portion of the defendant currency), approximately one and one-half inches thick, consisting mostly of $5 bills;

    b. In the Louis Vuitton fanny pack that STADELE had locked in the vehicle were STADELE's wallet, his Venezuelan passport, three (3) stacked, rubber-banded bundles of U.S. currency and two (2) folded bundles of U.S. currency (a portion of the defendant currency);

    c. In a black plastic trash bag on the rear floorboard behind the driver seat were approximately fifteen (15) rubber-banded bundles of U.S. currency (a portion of the defendant currency);

    d. In a backpack in the trunk were at least eight (8) rubber-banded bundles of U.S. currency in small denominations (a portion of the defendant currency); and

    e. In two (2) identical cardboard boxes in the trunk, both measuring approximately 10 inches by 14 inches by 10 inches, were more than fourteen (14) rubber-banded bundles of U.S. currency (the remainder of the defendant currency). One box was marked with a handwritten notation

"239,640" indicating that it contained that amount of currency. TFO Gutierrez recognized that these notations are common among drug traffickers who entrust drug proceeds to money couriers to transport.

19. Based on his training, knowledge and experience, TFO Gutierrez concluded that it was likely that the Mercedes, a diamond-encrusted Audemars-Piguet watch found in the center console, and the bulk rubber-banded bundles of U.S. currency represented or were traceable to proceeds of illegal narcotic trafficking, or were intended to be used in one or more exchanges for a controlled substance. TPD Detective Schmitz seized the property, but later returned the Mercedes and the Audemars-Piguet watch to STADELE.

20. On September 21, 2020, an official count of the defendant currency revealed that there was a total of $614,350.00. Pursuant to the state search warrant, custody of the currency was transferred to the DEA.

21. In a subsequent administrative claim submitted by STADELE in the course of timely-commenced administrative forfeiture proceedings, STADELE's attorney stated that "[t]he money seized by federal agents was my client's money. The money was taken from my client's vehicle. He stated to the agents it was his money." In the space provided to list any documents in support of his purported interest in the seized money, STADELE stated "[i]n the United States, there are no documents to prove that money is owned by a particular individual. No such method of proof exists."

**STADELE's Criminal History and Prior Seizure of Narcotics Proceeds**

22. On November 13, 2016, the Burbank Police Department, Burbank, California, arrested STADELE on charges of theft and trespassing. STADELE was later convicted of trespassing and sentenced to one day imprisonment and restitution.

23. On October 4, 2017, in South Carolina, Florence County Sheriff's Office ("FCSO") Sergeant Rulong stopped STADELE for speeding on Interstate 95 South. In a situation that was very similar situation to the events described above, Sergeant Rulong performed a consensual vehicle search that resulted in the discovery of $140,000.00 in

fifteen (15) rubber-banded bundles of U.S. currency inside a Louis Vuitton bag on the front passenger seat of the vehicle STADELE had been driving, and in which he was the sole occupant. According to available reports, when a Drug Enforcement Administration ("DEA") Task Force Officer and Special Agent arrived to question STADELE about the money, he provided evasive, incomplete responses that did not disclose the currency's source. DEA seized the funds and commenced timely administrative forfeiture proceedings against the money, providing notice to STADELE, but no claims were received and the funds were administratively forfeited to the United States on February 7, 2018.

24. On May 2, 2018, the Los Angeles Police Department (Hollywood Division), Los Angeles, California, arrested STADELE on charges of driving under the influence ("DUI") and theft under case number BMN02602. On or about October 11, 2018, STADELE was convicted of reckless driving and sentenced to three days of imprisonment at the Los Angeles County jail, 36 months' probation with mandatory supervision, and restitution of $375.00. Plaintiff is informed and believes that STADELE was on probation at the time he was stopped for speeding, running a stop sign, driving without a valid license, and transporting $614,350.00 in narcotics proceeds in this matter.

//
//
//

# CLAIM FOR RELIEF

Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 *et seq*. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: June 17, 2021

TRACY L. WILKISON
Acting United States Attorney
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

   */s/ James E. Dochterman*
JAMES E. DOCHTERMAN
Assistant United States Attorney
Asset Forfeiture Section

# **VERIFICATION**

I, Jesus A. Gutierrez, hereby declare that:

1. I am a Task Force Officer with the Drug Enforcement Administration and the case agent for the forfeiture matter entitled *United States of America v. $614,350.00 in U.S. Currency*.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 17, 2021 in Los Angeles, California.

_____
JESUS A. GUTIERREZ